UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **JOSEPH WILLIAM SCHENKENFELDER,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:06-cv-452 (Phillips/Shirley) |
| **BLITZ, U.S.A. INC.** and **WAL-MART STORES EAST, L.P.,** | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This action is before the court on the Motion for Summary Judgment Filed by Defendant Wal-Mart Stores East, L.P. [Doc. 63], filed on March 30, 2009. Because plaintiff failed to respond to the motion within the time limit imposed under Local Rule 7.1(a), on July 21, 2009, this court issued an Order to Show Cause [Doc. 84], directing plaintiff to indicate to the court in writing on or before July 29, 2009 why the motion should not be granted. Plaintiff has again failed to respond. Accordingly, defendant Wal-Mart Stores East, L.P. will be **DISMISSED** for plaintiff's failure to prosecute.

## I. BACKGROUND

Plaintiff initiated this action on November 21, 2006, against Blitz U.S.A., Inc., alleging various claims in tort arising out of a tragic incident in which he was severely burned. Plaintiff later amended his complaint to add Wal-Mart Stores East, L.P. ("Wal-Mart") as a party. [Doc. 34].

The case subsequently proceeded through discovery. The jury trial was initially scheduled for October 20, 2008. The parties jointly moved to continue [Doc. 46], and accordingly the court

-1-

continued the trial to June 1, 2009. This trial was later rescheduled for September 15, 2009. [Doc. 60]. Plaintiff later moved to continue [Doc. 68], citing difficulties with his expert witnesses. The motion to continue was granted [Doc. 80]; jury trial of this matter is currently scheduled for July 20, 2010.

In the meantime, on March 30, 2009, defendant Wal-Mart moved for summary judgment [Doc. 63]. Plaintiff having failed to respond to this motion, the court issued an Order to Show Cause [Doc. 84], granting plaintiff an opportunity to explain the failure to respond. Plaintiff did not respond to the Order to Show Cause.

## II. ANALYSIS

When faced with a plaintiff's failure to respond to a motion for summary judgment, a court has two options. First, the court may consider the motion for summary judgment, but is required, at a minimum, to ensure that the movant has met his burden under Rule 56(c) of establishing the absence of any genuine issue of material fact. *E.g.*, *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005); *see also Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Alternatively, Rule 41(b) of the Federal Rules of Civil Procedure governing involuntary dismissal provides the district court with a means of dismissing the action for failure to prosecute. *E.g.*, *Miller*, 141 F. App'x at 419. That rule provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subsection (b) ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Although couched in terms of an order upon a defendant's motion, it has long been recognized that this rule authorizes a district court's sua sponte dismissal of an action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *see also, e.g.*, *Schafer*

*v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim. 'This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" (internal citation omitted) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation markets omitted))); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) ("Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal."); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (same).

Before employing such authority under Rule 41(b) sua sponte, however, the court must undertake a four-factor analysis, considering

> (1) Whether the party's failure is due to willfulness, bad faith, or fault;
> (2) Whether the adversary was prejudiced by the dismissed party's conduct;
> (3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) Whether less drastic sanctions were imposed or considered before dismissal of the action.

*E.g.*, *Schafer*, 529 F.3d at 737; *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005); *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005). Although "none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Bowles*, 129 F. App'x at 242 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.2d 586, 591 (6th Cir. 2001)).

The court finds that these factors weigh in favor of dismissal of this action. First, it is clear that failure to prosecute has resulted from plaintiff's fault. Plaintiff's response to Wal-Mart's Motion for Summary Judgment was due on or before April 22, 2009. E.D.TN. LR 7.1(a) ("[Parties shall have 20 days in which to respond to dispositive motions ...."); Fed. R. Civ. P. 6(d) (adding three days for service made under Rule 5(b)(2)(E)). This court did not issue its order to show cause

until July 21, 2009, more than three months after the response was due. Moreover, plaintiff continued to neglect the motion even after the issuance of the Order to Show Cause afforded him the opportunity to rectify his failure to respond, and indeed counsel has not even attempted to proffer an excuse for his failures to respond to the court.

Further, it is clear that the Wal-Mart is prejudiced by plaintiff's failure to respond. Wal-Mart has a clear interest in the expeditious resolution of this action, and prolonging the disposition of its motion for summary judgment subjected Wal-Mart to unnecessary delay.

Third, as previously mentioned, the Order to Show Cause gave plaintiff adequate notice that failure to respond could lead to dismissal. The order asked plaintiff to demonstrate cause why the motion should not be granted; given that the defendant had moved for summary judgment, it is clear that waiving any opposition to the motion would result in judgment for the defendant.

Finally, the fourth factor weighs in favor of dismissal. Any lesser sanction would simply serve to reward plaintiff for the abandonment of this prosecution. The action has not merely languished in its discovery stages; rather, plaintiff has failed to respond to a pending dispositive motion. This is all the more so considering that discovery was developed sufficiently for Wal-Mart to file a motion for summary judgment, as opposed to another type of dispositive motion. Moreover, the issuance of the Order to Show Cause, granting plaintiff an opportunity to explain his failure to respond, demonstrates that the court considered less drastic sanctions before dismissal.

In sum, the court finds that all four factors weigh in favor of dismissal.

### III.  CONCLUSION

Due to plaintiff's failure to respond to the Motion for Summary Judgment Filed by Defendant Wal-Mart Stores East, L.P. [Doc. 63], even after the issuance of an Order to Show Cause

by this court, this court finds dismissal of Wal-Mart Stores East, L.P. is warranted for plaintiff's failure to prosecute. Accordingly, defendant Wal-Mart Stores East, L.P. is hereby **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    **IT IS SO ORDERED**.

    **ENTER:**

      s/ Thomas W. Phillips
      United States District Judge